IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM SMITH, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) FILE NO._____ |
| | ) |
| vs. | ) |
| | ) **COMPLAINT AND TRIAL BY JURY** |
| I.C. SYSTEM, INC. | ) **DEMAND** |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

## NATURE OF ACTION

1.      This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4.      Plaintiff William Smith ("Plaintiff") is a natural person who at all relevant times resided in Kansas City, Missouri (Jackson County).

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant I.C. System, Inc. ("Defendant") is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, cable television services (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff a written communication dated March 16, 2015.

12. A true and accurate copy of Defendant's March 16, 2015 letter to Plaintiff is attached to this complaint as Exhibit A.

13. Defendant's March 16, 2015 letter was its initial communication with Plaintiff with respect to the Debt.

14.     Defendant's March 16, 2015 letter identified the balance of the Debt as $596.79.

15.     Thereafter, Plaintiff contacted Time Warner to discuss the Debt, and spoke to a representative named Ashley, employee #E203096.

16.     Ashley advised Plaintiff that the Debt was actually for a William T. Smith who lived in Lee's Summit.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

17.     Plaintiff repeats and re-alleges each and every factual allegation above.

18.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

19.    Plaintiff repeats and re-alleges each and every factual allegation above.

20.    Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

21.    Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: March 8, 2016.

Respectfully submitted,

/s/ Anthony LaCroix
Anthony LaCroix
LaCroix Law Firm, LLC
MO Bar No.60793
406 W. 34th Street, Suite 810
Kansas City, Missouri 64111
(816) 399-4380
tony@lacroixlawkc.com
Lead Counsel for Plaintiff

Co-counsel with Thompson Consumer Law Group

Correspondence Address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206